RECEIVED
MAR - 6 2006
ROBERT _____ CLERK
WE_____
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| NANCY ANN VINCENT, ET AL | CIVIL ACTION NUMBER: 04-1856 |
| VERSUS | JUDGE DOHERTY |
| E. I. DU PONT DE NEMOURS & CO., ET AL | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Pending before this Court is a Motion for Summary Judgment [Doc. #76] filed by defendant, Tex-Air Helicopters, Inc. ("Tex-Air"), wherein defendant seeks a "judgment dismissing plaintiff's Petition for Damages, First Supplemental and Amending Complaint, Second Supplemental and Amending Complaint and Third Supplemental and Amending Complaint against it." (Doc. #76, p.1). In its motion, defendant argues that summary judgment of plaintiffs' tort claim against it is appropriate because plaintiff cannot show that his occupational illness (hypersensitivity pneumonitis) and death were the result of an intentional act on the part his employer, Tex-Air. Tex-Air argues that as plaintiff's employer, it has immunity from liability in tort for any injury or illness suffered by plaintiff while in the course and scope of his employment, with the only exception to that rule being for injuries caused by intentional acts of Tex-Air. (See La. R.S. 23:1032(B)).

To meet their burden of proof at trial, plaintiffs must first present evidence that Tex-Air committed an intentional tort by showing that Tex-Air either (1) consciously desired the physical result of its act (occupational illness and death); or (2) knew that the result was substantially certain to follow from its conduct. See Bazley v. Tortorich, 397 So.2d 475, 481 (La. 1981); Swope v.

Columbian Chemicals Co. 281 F.3d 185, 195 (5th Cir. 2002).

The Court finds that whether Tex-Air knew to a substantial certainty that it was causing bodily harm to plaintiff by exposing him to chemicals without taking proper precautionary measures is a genuine issue of material fact that cannot be determined by way of summary judgment. The evidence submitted indicates Tex-Air was in possession of Material Safety Data Sheets pertaining to the chemicals to which it exposed plaintiff which stated, "Individuals with lung or breathing problems or prior reaction to isocyanates must not be exposed to vapor or spray mist of this product." Plaintiffs argue that Mr. Vincent informed his supervisors one (1) month prior to beginning work for Tex-Air that he suffered from lung problems. Additionally, plaintiffs argue that the MSDS sheets require that persons spraying the chemicals at issue wear a "supplied-air" respirator, which was not supplied to plaintiff.

Because the pleadings, affidavits and depositions submitted to the Court present conflicting evidence from which a jury could reasonably reach different conclusions as to whether Tex-Air knew that some physical impairment to the condition of plaintiff's body was substantially certain to follow from his exposures to chemicals, defendant's Motion for Summary Judgment shall be DENIED in its entirety.[1]

THUS DONE AND SIGNED in Lafayette, Louisiana this ____ day of March, 2006.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[1] See Swope, supra, wherein the Fifth Circuit overturned summary judgment granted by this Court under a virtually identical factual and procedural scenario.